IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Keliipuleole,<br><br>　　　　Petitioner,<br><br>　v.<br><br>Dora Schriro, et al.,<br><br>　　　　Respondents. | No. CV 08-379 PHX-NEW (MEA)<br><br>**ORDER** |

　　　Pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge Aspen (Doc. # 15) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1).  The R&R recommends that the Petition be denied and dismissed with prejudice.  The Magistrate Judge advised the parties that they had ten days to file objections to the R&R.  (R&R at page 20) (citing 28 U.S.C. § 636(b)).  Petitioner filed objections on July 31, 2008, which was also titled a motion for equitable toling.  (Doc. # 16, 17.)

　　　The court has considered the objections and reviewed the Report and Recommendation de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made).  The court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning

of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

Petitioner's argument that in his plea colloquy he did not admit knowledge of the age of the victim would not affect the analysis or conclusion in the R&R.  His new argument, first raised in his objection and motion for equitable tolling, that he was unable to file his second Rule 32 proceeding until August 2006, is not properly before the court, as it should have been raised in the prior briefing.  However, alternatively considering it on its merits, it fails.  "Equitable tolling" to "extend" the time to file Petitioner's second Rule 32 proceeding could not have resurrected the federal claims not presented in the first Rule 32 motion.  Moreover, Petitioner's grieving for a couple of months after his father's death in February 2004 and attending to the affairs of his estate could not have prevented him from presenting matters to the courts after his first Rule 32 proceeding concluded on September 4, 2004.  Petitioner's brain tumor and valley fever that struck in January 2005 came after the completion of his first state court Rule 32 proceeding.  Petitioner had full opportunity to argue to the second Rule 32 court that the August 10, 2006 petition was timely, but he did not and that court found it untimely.  Petitioner's February 26, 2008 petition in this court is untimely in any event.

Insofar as the Magistrate Judge also ruled on any non-dispositive matters, error may not be assigned to any defect in those rulings to the extent that an aggrieved party did not file a timely objection.  Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.").  The absence of a timely objection precludes later assignment of error in this court or in any higher court of the non-dispositive rulings of a magistrate judge.  *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Philipps v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge (Doc. # 15) is accepted. Petitioner's objection and request for equitable tolling (Doc. # 16, 17) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment denying Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1) and dismissing it with prejudice. The Clerk shall terminate this action.

DATED this 11th day of August, 2008.

*Neil V. Wake*
Neil V. Wake
United States District Judge